IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MONTANA RAIL LINK, INC.,<br>a Montana corporation, | ) | CV 10-16-M-DWM |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| THE TRAVELERS INDEMNITY | ) | |
| COMPANY, a Connecticut corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.  Introduction

The Mullan Tunnel fell in.  Now the relationship between the insurance company and its insured has fallen out.  As a result, Montana Rail Link, Inc. wants a declaration that Travelers Indemnity Co. ("Travelers") is obligated to pay expenses incurred as a result of the collapse of the Tunnel.  The railroad claims

that salt has been added to its wound in the handling of its claim so it also alleges

a violation of the unfair claims settlement provisions of the Montana Unfair Trade

Practices Act.

The question presented by summary judgement is whether a tunnel is a hole,

or whether considered as a whole, a tunnel is a building.  The railroad rests its case

wholly  on the notion that a roof alone makes a hole a building.  The insurance

company's hole card is its argument that a hole is a hole and bricks alone do not

make a "building" within the meaning of the policy.  For the reasons set forth

below, plaintiff's motion for summary judgment is denied.

## II.  Factual Background

Trains traveling on the Northern Pacific Railroad line from Huntley,

Montana to Sandpoint, Idaho, cross the Continental Divide through the Mullan

Tunnel.  Aff. Richard Keller ¶ 19 (Sept. 9, 2010) (dkt # 16-1).  Built in 1881, the

tunnel's original construction included more than 3,000 linear feet of three course

brick arched ceiling. Id. at 5–6.

Montana Rail Link hired LRL Construction Company ("LRL") to widen the

Mullan Tunnel.  Montana Rail Link's Statement of Undisputed Facts ("SUF") ¶¶

8–9 (dkt # 16).  LRL purchased a Railroad Protective Liability policy identifying

Montana Rail Link as the named insured.  Id. ¶ 11.  LRL began the project in the

spring of 2009.  In July, 2009 decomposed granite collapsed a section of the

tunnel and buried the track.  Id. at ¶ 16.  The collapse completely closed the tunnel

and blocked rail traffic for approximately 25 days.  Id. 21.

*The Policy*

Travelers argues that damages incurred as a result of the July 2009 Mullan

Tunnel collapse are not covered by the Policy insuring Montana Rail Link.  The

first-party property coverage under the policy provides:

> We will pay for "physical damage to property" to which this insurance
> applies.  The "physical damage to property" must occur during the policy
> period.  The "physical damage to property" must arise out of acts or
> omissions at the "job location" which are related to or in connection with
> the "work" described in the Declarations.  The property must be owned by
> or leased or entrusted to you under a lease or trust agreement.

Montana Rail Link's SUF ¶ 18.  The policy defines "physical damage to property"

as: "direct and accidental loss of or damage to rolling stock and their contents,

mechanical construction equipment or motive power equipment, railroad tracks,

roadbeds, catenaries, signals, bridges or buildings."  Id. ¶ 19.

Montana Rail Link asks the Court to declare the Mullan Tunnel is

encompassed by the word "buildings" as the term is used in the Policy.  The Policy

includes no definition of "buildings."  Travelers insists the Policy does not cover

damages here because tunnels are not buildings and they are not otherwise listed

as insured items.

### III.  Analysis

**A.     Summary Judgment Standard**

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An adverse party may not rely on mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided, must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  If there is no genuine issue of material fact, the court must determine whether the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

**B.  Controlling Law**

In a diversity case, the substantive law of Montana applies.  Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).  Under Montana law, the interpretation of insurance contracts is a question of law for the courts.  Marie Deonier & Assoc. v. Paul Revere Life Ins. Co., 9 P.3d 622, 630 (2000).

The terms of an insurance policy must be read according to their "usual, common sense meaning as viewed from the perspective of a reasonable consumer

of insurance products." <u>Dakota Fire Ins. Co. v. Oie</u>, 968 P.2d 1126, 1129 (1998).

If language of a contract is unambiguous, the duty of the court is to apply the

language as written. <u>Mary J. Baker Revocable Trust v. Cenex Harvest Sts., Inc.</u>,

164 P.3d 851, 857 (Mont. 2007). An ambiguity exists when a contract taken as a

whole is reasonably subject to two different interpretations. <u>Id.</u> No ambiguity

exists here.

**C. The Meaning of the Term "building"**

   **1. Common sense and ordinary meaning**

   Montana Rail Link reasons Montana courts would define "building" as "any

structure, more or less permanent, with walls and a ceiling, and that is used for

human habitation, commercial, or industrial purposes." Pl.'s Br. 7 (Sept. 10,

2010) (dkt # 15). It draws this definition of "building" from treatises and

dictionaries. 43 <u>Am. Jur. 2d Insurance</u> ("any structure with walls and a roof is a

building within such ordinary meaning."); <u>Couch on Insurance</u> § 20:21 ("defined

as a structure or edifice enclosing a space within its walls and usually, but not

necessarily, covered with a roof."); <u>Black's Law Dictionary</u>, 9th Ed, ("A structure

with walls and a roof, esp. a permanent structure." Arguing that the Mullan

Tunnel has walls, a ceiling and is used for commercial purposes, Montana Rail

Link insists the  common sense and ordinary understanding of the term building

encompasses the Mullan Tunnel.  The reasoning is based on the premise that the

Tunnel is the structure built inside an excavation.  Pl.'s Reply Br. 6 (Dec. 1, 2010)

(dkt # 27).

Travelers on the other hand claims the Mullan Tunnel cannot be included in

a common sense meaning of the term "building," even if the Tunnel shares similar

structural traits to a building.  Travelers points to other objects, such as a mailbox

or a submarine that meet Plaintiff's broad definition but fall outside the common

sense meaning of building.  The Oxford English Dictionary defines a tunnel as "an

underground passage built through a hill or under a building or dug by a

burrowing animal."  Compact Oxford English Dictionary, p. 1116 (2008).  The

same source defines buildings as "a structure with a roof and walls."

Attempting to distinguish tunnels from bridges, Travelers notes the

difference in the definition of tunnel and building as well as debates the rules of

construction that apply.  According to Travelers, evidence of a distinction also

exists where one court refers to both tunnels and buildings—a court would not

need to refer to each structure if the term building included tunnels.

Travelers maintains the Mullan Tunnel does not have walls and a ceiling in

the same manner as a building.  It supports this argument by pointing out the

Engineering Agreement and Tunnel Construction Agreement do not refer to the

Tunnel's walls and ceiling but rather to the tunnel lining.  Def.'s Response 7 (Oct. 22 2010) (dkt # 20).  Instead, Travelers insists the walls and ceiling are nothing more than the mountain.

Montana Rail Link relies on a 1932 Montana Supreme Court opinion that interpreted the term "building" in Montana's burglary statute, which criminalizes entering any "house, room, apartment, tenement, . . . or other building, . . . with intent to commit grand or petit larceny or any felony.  State v. Ebel, 15 P.2d 233, 234(Mont. 1932) (quoting §§ 11346, 11347, Rev. Codes 1921).  The question before the Court was whether a sheep herder wagon is a building or structure contemplated in the burglary statute.  The Court noted that the wagon was a "structure, erected for the purpose of habitation and the housing of the goods and chattels of the sheep herder, inclosed within four walls and roofed."  Even though the wagon was not fixed to the ground, considering the nature of the wagon and the conduct addressed in the statute, the Court held the building element of the statute was met.

Despite Montana Rail Link's efforts to conflate tunnels and buildings, the Mullan Tunnel is not a building under the word's common and ordinary meaning.  Common sense differentiates mailboxes and submarines from buildings even though each has walls and a ceiling.  Likewise, the common sense meaning of

"building" does not include "tunnel."  The company tasked with creating the Mullan Tunnel was not commissioned to construct a building in the mountain.  It is an underground passage built through a hill, not a structure with a roof and walls.  Cases cited by Montana Rail Link show that courts have determined that buildings have walls and a ceiling, but no case maintains that a tunnel is included in the common sense meaning of the term "building."

Montana Rail Link further argues Travelers should have excluded tunnels from the definition of building if it desired a more restrictive definition.  A specific or restricted definition was not required because  the common sense and ordinary meaning of building does not include tunnels.

## 2.  Rules of construction

There is yet more reason to reject the railroad's view.  Montana Rail Link's definition of "building" renders the listing of "rolling stock" as a covered item superfluous.  A court must give effect to all of the policy.  <u>Farmers Alliance Mutual Insurance Co. V. Holeman</u>, 961 P.2d 114 (1988).  Under Montana Rail Link's definition, a boxcar is a building, and listing "rolling stock" as a covered item is then redundant.

Montana Rail Link also contends the items listed before the term "building," in the definition "physical damage to property," imply the term building includes

tunnels.  This assertion has no weight because general terms at the end of a list of specific items are interpreted as referring to the same general class or kind of items.  Shaw v. Kendall, 136 P.2d 748, 750 (Mont. 1943).  In the definition of "physical damage to property," "railroad tracks, roadbeds, catenaries, signals, [and] bridges," precede the term building.  The terms are fixtures and real property associated with the roadway.  Accordingly, Montana Rail Link argues a tunnel is a structure associated with a railroad that falls into the more general class buildings.

Montana Rail Link's argument fails because the category "building" is more restrictive than the category "structure."  While tunnels may fall into the more general category of railroad structures, it falls outside the more restrictive category of buildings.

### 3.  Consideration of circumstances under which policy issued

Plaintiff also insists the Court should consider the circumstances under which the policy was issued.  Generally, a court may not consider evidence of circumstances under which an instrument was made when the language of the instrument is clear and certain in its terms.  Mary J. Baker Revocable Trust, 164 P.3d at 864.  However, circumstances, including the situation of the subject of the instrument, "may be shown and considered to aid the court in determining, as a preliminary matter, whether the instrument contains an ambiguity."  Id. at 866.

In this motion Montana Rail Link protests that the language in the contract is clear and unambiguous.  If the term "building" is unambiguous, then the Court cannot consider the circumstances under which the policy was issued.  <u>See</u> <u>Mary J. Baker Revocable Trust</u>, 164 P.3d at 866 (holding that if parties concede that language is unambiguous, a court should not consider circumstances under which a right-of-way agreement was made).  In my view there is nothing ambiguous about the term "building."

## IV.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment (dkt #14) is DENIED.

The Clerk is directed to notify the parties of the entry of this order.

Dated this 9th day of February, 2011.



DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

-10-